IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIS #02036732 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv228 |
| WAYLAND MILLS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendant is an individual named Wayland Mills.

**I. Background**

Davis complained that Mills had possession of his truck and was keeping it hidden. He stated that Mills told a City of Tyler police officer named Reed that he, Mills, had bought Davis' truck from a person named Tara Spears, but that Mills had a friend move the truck before Davis' family could pick it up. Mills' friend repainted the truck and tried to sell it. Davis stated that he wanted to report his truck stolen and for the persons who committed crimes to be held accountable.

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that Davis' lawsuit be dismissed because Davis did not show that Mills, the sole named defendant, was acting under color of state law. The Magistrate Judge also observed that even if Mills did act under color of state law, a state actor's random and unauthorized deprivation of an individual's property does not result in a procedural due process where the state provides an adequate post-deprivation

remedy. The Texas state courts provide an adequate post-deprivation remedy through the tort of conversion. Thus, the Magistrate Judge concluded that Davis failed to show any basis for a claim under 42 U.S.C. §1983.

Davis received a copy of the Magistrate Judge but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**III. Conclusion**

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit is without prejudice to the Plaintiff's right to seek such relief as he may be entitled in the courts of the State of Texas. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So Ordered and Signed
Sep 20, 2017

_____
Ron Clark, United States District Judge